USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________________
DATE FILED: 9/3/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

CALVARY HOSPITAL, INC.,

Plaintiff,

-v-

ROBERT F. KENNEDY, JR., *in his official capacity as Secretary of the United States Department of Health and Human Services*,

Defendant.

------------------------------------------------------------- X

1:23-cv-8479-GHW-HJR

ORDER

GREGORY H. WOODS, United States District Judge:

On May 4, 2026, Magistrate Judge Henry J. Ricardo issued a thoughtful and well-reasoned Report and Recommendation in this matter. In it, Judge Ricardo recommended that the Court grant Defendant's motion for summary judgment and deny Plaintiff's motion for summary judgment. Because the Report and Recommendation is sound, the Court adopts it in full and grants Defendant's motions for summary judgment and denies Plaintiff's motion for summary judgment.

## I. BACKGROUND

The Court refers to the Report and Recommendation, Dkt. No. 83 (the "R&R"), for a comprehensive description of the facts and procedural history of the case but will briefly review the procedural history relevant to these motions.

Plaintiff Calvary Hospital, Inc. ("Calvary"), a New York not-for-profit corporation that operates a hospital in the Bronx, initiated this action on September 26, 2023. Dkt. No. 1. Calvary is enrolled in the Medicare Program, which is operated by the Centers for Medicare and Medicaid Services, an agency of the Department of Health and Human Services. *See* Dkt. No. 11 ¶¶ 1, 4, 6. Plaintiff sought judicial review of Defendant's determination that Calvary had been overpaid by the Medicare program. *See id.* ¶ 197.

On October 10, 2025, Plaintiff moved for summary judgment. Dkt. No. 71. Defendant filed his cross motion for summary judgment on January 22, 2026. Dkt. No. 77. Plaintiff filed its opposition to Defendant's motion and its reply in support of its motion on February 23, 2026. Dkt. No. 79. The motions for summary judgment were fully submitted when Secretary Kennedy filed his reply briefly on March 31, 2026. Dkt. No. 82.

On May 4, 2026, Judge Ricardo issued a thoughtful and well-reasoned report and recommendation on the cross motions for summary judgment. Dkt. No. 83 (the "R&R"). Judge Ricardo recommended that the Court grant Defendant's motion and deny Plaintiff's motion. Judge Ricardo concluded that 42 U.S.C. § "405(g) . . . is the sole avenue for judicial review for all claim[s] arising under the Medicare Act . . . ." R&R at 4 (quoting *Retina Grp. of New England, P.C. v. Dynasty Healthcare, LLC*, 72 F.4th 488, 493 (2d Cir. 2023)). In his analysis, Judge Ricardo applied Section 405(g) "to review questions of law *de novo*." *Id.* at 6. Judge Ricardo accepted that under the framework established by *Mathews v. Eldridge*, 424 U.S. 319 (1976), "Plaintiff's interest is in keeping the payments it received for services rendered." *Id.* at 7. Judge Ricardo then carefully evaluated the process used by the Secretary to reach his decision and concluded that the Secretary's decision did not violate Plaintiff's due process rights or the applicable statutory provisions *See generally* R&R; Response at 9-11.

Plaintiff objected to substantially all of Judge Ricardo's conclusions in the R&R through a comprehensive set of objections filed on May 18, 2026. Dkt. No. 84 (the "Objections"). Defendant filed a response in support of the conclusions of the R&R on June 29, 2026. Dkt. No. 90 (the "Response").

## II. LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of being served with a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

The Court reviews for clear error those parts of the report and recommendation to which no party has properly objected. *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025); 28 U.S.C. § 636(b)(1). When a party lodges a proper objection, the Court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Nambiar*, 158 F.4th at 358–59. A proper objection is both timely and specific, meaning it must have "sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Nambiar*, 158 F.4th at 359 (citation omitted). "Merely referring the court to previously filed papers or arguments does not constitute an adequate objection." *Id.* (quoting *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)).

## III. DISCUSSION

For purposes of its evaluation of the R&R, the Court treats the Objections as sufficiently precise to merit *de novo* review of the motions. The Court has reviewed the briefing with respect to the motions for summary judgment and the Objections and has conducted a *de novo* review of the arguments presented in connection with the motions for summary judgment, informed by the arguments presented in the Objections and the Response. The Response carefully responds to the arguments presented in the Objections and explains why those Objections lack merit. Having conducted a *de novo* review of the motions, the Court rejects the Objections and adopts in full the thoughtful and well-reasoned R&R.

## IV. CONCLUSION

For the reasons set forth in the R&R, Defendant's motion for summary judgment is GRANTED, and Plaintiff's motion for summary judgment is DENIED.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 70 and 71, to enter judgment in favor of Defendant and to close this case.

SO ORDERED.

Dated: September 3, 2026
New York, New York

GREGORY H. WOODS
United States District Judge